## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                                    In Proceedings
                                                         Under Chapter 7
APRYL L. NEWBERRY,

                                                         Case No. 12-40455

                    Debtor(s).

APRYL L. NEWBERRY,

                    Plaintiff(s),
                                                         Adversary No. 12-4060

        v.

UNITED STATES OF AMERICA,
DEPARTMENT OF AGRICULTURE;
UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY;

                    Defendant(s).


<u>OPINION</u>

        This matter is before the Court on a complaint filed by the debtor/plaintiff against the

United States Department of Agriculture and the United States Department of the Treasury for

offsetting the debtor's tax refund against an obligation owed by the debtor and her former spouse

for a mortgage deficiency judgment. Prior to the time that the instant complaint was filed and

after the setoff occurred, the Rural Housing Service, United States Department of Agriculture

filed a motion for relief from stay "to effect said setoff." *Amended Motion for Relief from Stay*,

p. 2.  The debtor objected to the motion on the basis that the requirements for setoff under 11

U.S.C. § 553 were not met, and on the further basis that the United States could not, in any

event, exercise its alleged right of setoff against exempt property.  The matter was scheduled for

hearing, at which time the Court took the motion under advisement and granted the parties

1

additional time to file briefs.  The United States did not file a brief and accordingly, the Court

entered an order denying the motion for relief from stay.[1]  In its order, the Court stated that it

would determine the merits of the parties' respective positions through the instant adversary

proceeding.

In the adversary complaint, the debtor raises the same arguments set forth in her

objection to the motion for relief from stay, *i.e.*, that the requirements for setoff under 11 U.S.C.

§ 553 were not satisfied, and even assuming that they were, a setoff against exempt property is

prohibited under the Bankruptcy Code.  The complaint goes on to allege that the United States

violated the discharge injunction by continuing to hold the tax refund and by failing to turn over

the refund to the debtor. In the prayer of the complaint, the debtor seeks (1) an order enjoining

further violations of the discharge injunction, (2) turnover of the debtor's tax refund, and (3)

compensatory damages and attorney's fees and costs.[2]  The United States argues that it had a

valid right of setoff and that the Bankruptcy Code and case law do not prohibit setoffs against

exempt property. At the pretrial hearing on the complaint, the parties advised the Court that they

agreed on the facts.  The Court took the complaint under advisement and granted the parties time

to file a stipulation of facts and additional briefs.

FACTS

The following facts are not in dispute.  On April 7, 2012, the debtor filed a chapter 7

bankruptcy petition.  Among the debts listed on Schedule F was a joint debt owed by the debtor

and her ex-husband, Chad Newberry, to Chase Manhattan Mortgage for the deficiency that arose

after a pre-bankruptcy foreclosure sale of the Newberry's former homestead in West Frankfort,

---

[1]  The Court also noted that because the discharge order had been entered (and the case was a "no asset" case), the automatic stay was no longer in effect, rendering the motion for relief from stay moot.
[2]  Although the complaint is titled "Complaint to Enforce the Order of Discharge and for Turnover," paragraph 9 of the complaint alleges that the seizure of the debtor's tax refund was a willful and intentional violation of the stay. The Court assumes that the debtor's request for damages is based on this alleged violation.

Illinois.  The mortgage was guaranteed by the Rural Housing Service, United States Department of Agriculture.  When the Department of Agriculture reimbursed Chase Manhattan Mortgage for the loan deficiency, the Newberrys became indebted to the Department pursuant to a "Request for Single Family Housing Loan Guarantee" signed by the debtor and Chad Newberry.  In the Judgment of Dissolution of Marriage, the state court ordered that Chad Newberry would be solely responsible for the deficiency judgment owed to the United States and would "hold [the debtor] harmless therefrom."  *Exhibit A attached to the Stipulation of Facts*, p. 2.

The debtor filed her 2011 federal income tax return on April 11, 2012, and according to the return, the debtor was entitled to receive a refund of $5,757.00.  The portion of the refund allocable to the debtor's overpayment of taxes was $2,485.00.  The balance of the refund was comprised of two refundable tax credits:  an earned income credit of $2,272.00 and an additional child tax credit of $1,000.00.  Debtor claimed $3,044.55 of her tax refund as exempt pursuant to 735 ILCS 5/12-1001(b) (the "wildcard" exemption).  The parties agree that the United States became indebted to the debtor for the refund at the end of tax year 2011 (December 31, 2011). *Stipulation of Facts*, ¶ 13.

The debtor did not receive her 2011 federal income tax refund.  Instead, the United States seized the refund as an offset against the obligation owed by the debtor and Chad Newberry to the Department of Agriculture.  The United States failed to seek relief from the automatic stay prior to the setoff.  On July 31, 2012, an order of discharge was entered in the debtor's bankruptcy case.

<u>ANALYSIS</u>

Section 553 of the Bankruptcy Code provides:

> Except as otherwise provided in this section and in sections 362
> and 363 of this title, this title does not affect any right of a creditor

to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case….

11 U.S.C. § 553(a).  The right of setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Stumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 289 (1995). Section 553 does not itself create the right of setoff, but instead "merely recognizes and preserves setoff rights that exist under other applicable law, and then only to the extent that the conditions of section 553 are satisfied." *Collier on Bankruptcy* ¶ 553.01[2], at 553-7 (16th ed. 2012).

In the instant case, the debtor does not dispute that applicable nonbankruptcy law provides the United States with setoff rights.[3]  Indeed, the United States Department of Agriculture has a right to setoff pursuant to  § 6402(d) of the Internal Revenue Code, which provides:

**(d) Collection of debts owed to Federal agencies.**

**(1) In general.**  Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt … to such agency, the Secretary [of the Treasury] shall—

(A) reduce the amount of any overpayment payable to such person by the amount of such debt;
(B) pay the amount by which overpayment is reduced under subparagraph (A) to such agency; and
(C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.

26 U.S.C. § 6402(d).

---

[3] The existence or non-existence of "other applicable law" authorizing the United States to setoff the debt at issue was not raised by the debtor in the complaint, at oral argument or in her brief.

The debtor maintains, instead, that the requirements of § 553 have not been satisfied. In order to exercise its right of setoff under § 553, the United States must establish the following:

(1) the debt owed by the creditor to the debtor arose before the commencement of the bankruptcy case;

(2) the debt owed by the debtor to the creditor arose before the commencement of the case; and

(3) the debts are mutual debts.

*In re Eggemeyer*, 75 B.R. 20, 21-22 (Bankr. S.D. Ill. 1987). The debtor agrees that the first two requirements are satisfied since the debts at issue both arose prior to the time that the debtor filed her bankruptcy petition. *Plaintiff's Brief*, p. 2. With respect to the third requirement, however, the debtor argues that the debts are not mutual.

The Bankruptcy Code does not define the term "mutual," but courts have interpreted mutuality to mean that "the creditor owes a debt to the debtor who likewise is indebted to the creditor." *In re Marshall*, 240 B.R. 302, 304 (Bankr. S.D. Ill. 1999). Mutuality requires that the debt in question be owed in the same right and between the same parties standing in the same capacity…." *Meyer Medical Physicians v. Health Care Service*, 385 F.3d 1039, 1041 (7th Cir. 2004) (citations omitted); *In re Eggemeyer*, 75 B.R. at 21.

The debtor in the instant case contends that there is no mutuality because the parties are not the same. Debtor's argument is not based on the fact that different governmental agencies are involved.[4] Rather, the debtor asserts that because the mortgage guarantee is jointly owed by the debtor and her former spouse and the tax refund is owed solely to the debtor, the parties are

---

[4] Generally, "the federal government is considered to be a single "unitary creditor" for setoff purposes. *Collier on Bankruptcy* ¶ 553.03[3][b][iii], at 553-30 (16th ed. 2012). "Outside of Bankruptcy, the federal government is considered to be a single-entity that is entitled to set off one agency's debt to a party against that party's debt to another agency." *U.S. v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir. 1998) (citations omitted).

not the same. In support of her position, the debtor cites *Gray v. Rollo*, 85 U.S. 629 (1873).   The

facts of that case, however, are distinguishable.

        In *Gray*, two creditors, Gray and Gaylord, owed a joint debt to the debtor, Merchants

Insurance Company of Chicago.   The debtor, in turn, owed an unrelated debt to Gray and his

brother.   Gray sought to offset his debt (to the debtor) against the brothers' joint claim.   The

Court did not allow the setoff, reasoning that "[e]quity will not allow [Gray] to pay his separate

debt out of the joint fund."   *Id*. at 635.    In its analysis, the Court compared and contrasted the

situation where setoff *would* be allowed:

> [A] *joint indebtedness* may be proved and set off against the estate
> of either of the *joint debtors* who may become bankrupt, and the
> fact that it may be subject to be marshaled, makes no difference.
> The joint debtors are severally liable *in solido* for the whole debt.

*Id*. (emphasis in original).   Not only are the facts in *Gray* distinguishable, but the language in

*Gray* quoted above actually supports a finding in this case that the United States did in fact have

a valid right of setoff.[5]

        To further support her argument that the parties are not identical, the debtor cites case law

holding that mutuality does not exist in situations involving "triangular setoffs."   *Plaintiff's*

*Brief*, pp. 3-4.   Triangular setoffs typically involve parent and subsidiary corporations and/or

partnerships and partners, and are not allowed under § 553 of the Bankruptcy Code.   *Collier on*

*Bankruptcy* ¶ 553.03[3][b][i], p. 553-28 (16th ed. 2012).   For example, a subsidiary may not

offset a debt to the debtor against a debt the debtor owes to another related subsidiary.   *Id*.

Likewise, a parent corporation may not offset a debt owed to the debtor against a claim its

---

[5]  The Court assumes that the debt owed by the Newberrys to the United States is owed jointly and severally.  The
parties have not argued otherwise, nor have they presented any evidence to the contrary.   While the debtor may or
may not have a cause of action against Chad Newberry for failing to fulfill his obligation under the Judgment of
Dissolution, the state court's Judgment does not extinguish the debtor's obligation on the debt owed to the United
States.

subsidiary holds against the debtor.  *Id*.  The debtor fails to explain how or why this case involves a triangular setoff.  Clearly, it does not.  Accordingly, case law holding that triangular setoffs are not permitted under the Code is simply inapplicable.

In addition to arguing that the parties are not identical, the debtor contends that there is no mutuality because the debts are not owed "in the same capacity."   More specifically, the debtor argues that she owes a *contractual subrogation* debt to the Department of Agriculture, while the Department of the Treasury owes the debtor a *statutory debt* based on the Internal Revenue Code for overpaid taxes.

The concept of "same capacity" requires "that the parties each owe the other something in his or her own name, and not as a fiduciary."  *Collier on Bankruptcy* ¶ 553.03[3][c], p. 553-32 (16th ed. 2012).   As further explained by the Seventh Circuit, "[m]utuality is satisfied when the offsetting obligations are held by the same parties in the same capacity *(that is, as obligor and obligee)* and are valid and enforceable…."   *Meyer Medical Physicians v. Health Care Service*, 385 F.3d at 1041 (emphasis added) (citations omitted).   Moreover, the character of the obligations - whether based in contract, tort or some statutory right - is irrelevant for purposes of mutuality.  *Id*.; *Collier on Bankruptcy* ¶ 553.03[3][e], p. 553-39 (16th ed. 2012).  Based on the foregoing authority and in view of the debtor's failure to cite any applicable case law supporting her argument, the Court finds that the debts in question were owed by the same parties acting in the same capacity, and that the mutuality requirement is therefore satisfied.

The debtor next argues that even assuming mutuality exists, the United States may not exercise it setoff rights against exempt property.  (As stated above, the debtor claimed $3,044.55 of her tax refund as exempt.)  In support of this argument, the debtor cites *In re Gould*, 389 B.R. 105 (Bankr. N.D. Cal. 2008) (courts must consider equities presented in each case in determining

whether debtor's exemption rights prevail over a creditor's setoff rights), and *In re Riley*, 472 B.R. 422 (Bankr .W.D. Ky. 2012) (debtor's exemption rights under § 522 trump setoff rights under § 553).   The *Riley* decision, however, was reversed and remanded.   In a case involving facts similar to the instant case, the district court held that the United States properly offset debtors' tax refund against a debt owed by the debtors to the Department of Agriculture for a mortgage deficiency.     *In re Riley*, 2012 WL 6675131 (W.D. Ky. December 21, 2012).   In reaching it ruling, the court stated:

> The Bankruptcy Court's decision discusses at length the possible conflict between 11 U.S.C. § 522, which governs exemptions, and 11 U.S.C. § 553, which governs offsets. This discussion does not seem relevant under the proper analysis. Because the prior unpaid USDA RHS liability exceeded the amount of the overpayment, the Rileys were not entitled to a refund, and accordingly, the tax refund did not become property of the estate. As such, it could not be properly exempted by the Rileys under 11 U.S.C § 522. If there remained a balance after applying the statutory scheme in 26 U.S.C. § 6402, the balance would be a tax refund that the Rileys could claim as exempt. *See In re Baucom,* 339 B.R. 504, 507 (Bankr.W.D.Mo.2006) ("[N]otwithstanding their apparent conflict, both of these provisions can be reconciled with § 522(c)'s exemption protection language. Once a right of offset preserved by § 553 has been established in a debt owed to the estate, a debtor may claim an exemption only in the balance of the debt turned over to the estate after the offset has been exercised. Thereafter, the exempted property is protected from all other prepetition debts pursuant to § 522(c).").

*Id*. at *4, f.n. 6.

Moreover, this Court has already ruled that a creditor may exercise setoff rights against exempt property.    In *Eggemeyer*, the Court held that § 542 of the Bankruptcy Code "enables a creditor who has a valid right of setoff to retain the property, regardless of its exempt status."  *In*

*re Eggemeyer*, 75 B.R. at 22.[6]   *See also In re Kadrmas*, 2000 WL 33364195 (Bankr. W.D. Wis. September 19, 2000) (IRS entitled to setoff against exempt property).   Accordingly, the debtor's argument that the United States cannot exercise its right of setoff against exempt property is without merit.

Based on the reasons set forth above, the Court finds that the debts at issue are mutual debts, that the United States had a valid right of setoff under § 553, and that the United States was entitled to exercise its right of setoff against exempt property.   Accordingly, the debtor's request for an order enjoining further violations of the discharge injunction and debtor's request for turnover of the tax refund are denied.

The issue that remains is whether damages should be assessed against the United States for offsetting the debtor's tax refund without first seeking relief from the automatic stay.   In the Stipulation of Facts, the parties agree that the United States offset the debtor's tax refund after the debtor filed her bankruptcy petition and before filing a motion for relief from stay. *Stipulation of Facts*, ¶ 14.   In doing so, the United States clearly violated the automatic stay provisions of § 362(a) of the Bankruptcy Code.   *In re Radcliffe*, 563 F.3d 627 (7th Cir. 2009); *In re Rush-Hampton Industries, Inc.*, 98 F.3d 1563 (11th Cir. 1996).   Under § 362(k), the Court has authority to impose damages, including attorney's fees, for a willful violation of the stay.[7]

In the instant case, the debtor seeks compensatory damages "in an amount to be determined by the Court."   If the debtor wishes to pursue her request for damages, she must file an appropriate motion with the Court within fourteen days from the date of entry of this Opinion.

---

[6] Section 542(b) provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, *except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor*." 11 U.S.C. § 542(b) (emphasis added).

[7] Section 362(k) provides that "[e]xcept as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

The motion shall set forth with particularity the damages sought by the debtor.  Upon review of the motion, the Court will determine whether a further hearing is necessary.   If such motion is not filed within fourteen days, the Court will consider the complaint resolved in full by the entry of this Opinion, and will enter a final judgment on the complaint.

See Order entered this date.

ENTERED: February 19, 2013

/s/ Kenneth J. Meyers
_____
UNITED STATES BANKRUPTCY JUDGE